UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON BARNABY, )
        Plaintiff, )
)
v. ) Civil Action No. 13-CV-1069-CM-DJW
)
GREEN TREE SERVICING, L.L.C., )
        Defendant. )
_____)

## COMPLAINT

COMES NOW Jason Barnaby, and for his Complaint, states:

1. The Court has jurisdiction under 28 U.S.C. 1331, 12 U.S.C. 2614 and under 15 U.S.C. 1692k(d).

2. Green Tree Servicing, L.L.C. is located at 300 Landmark Towers, 345 St. Peter Street, Saint Paul, Minnesota, and may be served with process on The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

## STATEMENT OF FACTS

3. On or about September 9, 2005, Jason Barnaby entered into a Home Equity Line of Credit secured by a mortgage on his home with First Horizon Home Loan Corporation.

4. Pursuant to the agreement, First Horizon was to send a billing statement each month. Jason Barnaby was to make the minimum payment shown within 30 days of the cycle closing date shown on the bill.

5. On the same date that Jason Barnaby entered into the agreement with First Horizon Home Loan Corporation, First Horizon transferred the servicing of the loan to First Tennessee Bank National Association.

6. The Barnabys received bills on a monthly basis and made the expected

payments on a monthly basis.

7. On or about August 6, 2010, Jason Barnaby received a letter from First Tennessee notifying Barnaby that the servicing rights for the account were being transferred to Green Tree Servicing, L.L.C., P.O. Box 3038, Evansville, Indiana, effective August 25, 2010.

8. On or about August 19, 2010, Jason Barnaby received a letter from Green Tree with a new credit card and providing him with an account number.

9. On or about August 25, 2010, Barnaby received a letter from Green Tree advising him that the prior account number was inaccurate. In the letter of August 25, 2010, Barnaby was assigned an account number of 4839467402002364.

10. Bills were sent to Barnaby under the account number of 4839467402900237.

11. On or about February 11, 2011, Barnaby was assigned yet another account number from Green Tree, Account No. 6600544107. His servicing was transferred to another division within Green Tree due to "the status of your account."

12. As of the date of the transfer of the account from First Tennessee to Green Tree, the account was current and in good standing as far as Jason Barnaby knew as he had his payments with First Horizon or First Tennessee set up on automatic deduction from his bank account.

13. In September 2010, Barnaby received his first statement from Green Tree following the transfer with an account number of 4839467402900237.

14. The September statement showed that he was past due in the amount of $498.63 and that fees had been charged.

15. Upon receipt of the statement from Green Tree showing past due amounts, Barnaby began following up by phone and by writing to resolve the accounting error on his account.

16. Barnaby filed an online complaint with the Office of the Attorney General. On or about October 27, 2010, he received a reply from the Attorney General's office with a letter dated October 18, 2010, from Green Tree. The claimed delinquency was not resolved.

17. On October 22, 2010, Barnaby received a letter from Green Tree in which Green Tree suspended his right to advances under the agreement due to past due payments. The letter claimed a delinquency of $492.60.

18. On or about November 7, 2010, Barnaby received a letter from Green Tree claiming a delinquency of $993.76 and permanently suspending his rights to advances under the agreement.

19. On or about November 22, 2010, Barnaby received a letter from Green Tree claiming a delinquency of $500.00 and temporarily suspending the right to advances.

20. On or about December 22, 2010, Barnaby received a letter from Green Tree claiming a delinquency of $506.16 and again temporarily suspending the right to advances.

21. Since the time of the transfer from First Horizon to Green Tree, Barnaby had made the following payments: September 22, 2010—$498.63, October 4, 2010—$492.59, November 11, 2010--$493.76 and December 3, 2010--$495.00. On August 3, 2010, he had made a payment of $494.83 to First Horizon.

22. On or about November 16, 2010, Barnaby faxed information to Green Tree in

conjunction with phone conversations with an individual named Rachel. The problem was not resolved.

23. On or about February 16, 2011, Barnaby faxed three pages of information to "Adam" at Green Tree. The problem was not resolved.

24. On or about April 14, 2011, Barnaby faxed a request to Green Tree to correct his credit reports as their negative credit reports were preventing him from refinancing his loan. The problem was not resolved.

25. On or about June 17, 2011, Barnaby faxed to "Adam Hill" at Green Tree additional information in an attempt to resolve the dispute. The problem was not resolved.

26. On or about June 30, 2011, Barnaby faxed 25 pages of documents to "Graig" at Green Tree in an attempt to resolve the issue and clear up his credit report. The problem was not resolved.

27. On or about August 6, 2012, Barnaby faxed notice of a payment dispute to Green Tree.

28. On or about November 7, 2012, Barnaby sent a letter to Green Tree detailing the nature of the dispute.

29. Green Tree responded by saying the account was transferred in default by First Tennessee.

30. Green Tree also stated that one payment had been applied twice. The duplication had been reversed and Barnaby was still past due on payments. Green Tree failed to give him credit for one of the payments.

31. On or about January 11, 2012, Barnaby received a Notice of Default and Right to Cure Default from Green Tree. This letter claimed a default of $193.00.

32. On January 18, 2012, Barnaby faxed to "Tyler" at Green Tree 6 pages of proof of payments for January 2011 and February 2011. Barnaby had received credit for only one of these payments. The problem was not resolved.

33. On or about August 6, 2012, Barnaby faxed 11 pages to "Adam Hill" at Green Tree concerning the payment dispute. The problem was not resolved.

34. On or about November 7, 2012, Barnaby sent a detailed letter to Green Tree clarifying the dispute and what needed to be corrected. The problem was not resolved.

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

35. Barnaby is a consumer under 15 U.S.C. 1692a(3).

36. Green Tree Servicing, L.L.C. is a debt collector under 15 U.S.C. 1692a(6).

37. Green Tree Servicing, L.L.C. violated the FDCPA by falsely representing the character and amount of the debt owed by Barnaby.

38. Green Tree Servicing, L.L.C. violated the FDCPA by repeatedly contacting Barnaby when no obligation was due.

39. Green Tree Servicing, L.L.C. falsely communicated credit information to the credit reporting bureaus when it knew or should have known that such information was false.

40. As a result of the actions of Green Tree Servicing, L.L.C., Barnaby has suffered damages in excess of $75,000.00 including statutory damages, actual damages including emotion distress and has incurred attorney's fees and costs.

WHEREFORE, Barnaby prays for judgment against Green Tree Servicing, L.L.C. in an amount in excess of $75,000.00, for his fees and expenses and for such other and further relief as the Court deems just and equitable.

## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

41. Green Tree Servicing, L.L.C. is a loan servicer of a federally related mortgage loan.

42. Barnaby sent Green Tree a number of qualified wirtten requests.

43. Green Tree Servicing, L.L.C. failed to adequately investigate or respond to the qualified written requests within the statutory period.

44. As a result of the actions of Green Tree, Barnaby has spent a good deal of time trying to correct the problem.

45. Upon information and belief, he has incurred unwarranted interest, late fees and other charges on his account.

46. Barnaby has been denied credit as a result of Green Tree's actions and was unable to refinance his home to escape the shoddy practices of Green Tree.

47. Barnaby has suffered damage to his credit rating.

48. Barnaby has suffered emotional distress as a result of the actions of Green Tree.

49. Barnaby has been subjected to repeated harassing phone calls when his account was not in default.

50. Barnaby has incurred attorney's fees and costs as a result of Green Tree's actions.

WHEREFORE, Barnaby prays for damages in excess of $75,000.00, for his costs and attorney's fees and for such other and further relief as the Court deems just and equitable.

## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

51. Barnaby is a consumer under the Kansas Consumer Protection Act.

52. Green Tree Servicing, L.L.C. is a supplier under the Kansas Consumer Protection Act.

53. The transactions herein are controlled by the Kansas Consumer Protection Act.

54. Green Tree Servicing, L.L.C. repeatedly misrepresented the amount due under the note and repeatedly misrepresented the status of the note.

55. Barnaby has been harmed by those misrepresentations in that he has suffered emotional distress, damage to his credit, has been required to put in a good deal of time and effort to attempt to cure the problem and has incurred attorney's fees and costs.

WHEREFORE Barnaby prays for judgment against Green Tree Servicing, L.L.C. for an amount in excess of $75,000.00, for his attorney's fees and costs and for such other and further relief as is just and equitable.

## BREACH OF CONTRACT

56. Under the terms of the home equity line of credit, payments were to be applied to finance charges, late fees or other fees, unpaid amounts from prior bills, amounts due on current bill, and advances posted, but not yet billed.

57. Because of Green Tree's failure to credit payments, Barnaby believes Green Tree did violate the terms of the agreement and has failed to properly credit payments made.

58. Barnaby has suffered damages as a result of Green Tree's breach of the agreement in that he has not received proper credit, has suffered damage to his

credit and has otherwise been damaged.

WHEREFORE, Barnaby prays for damages in excess of $75,000.00, and for such other and further relief as the Court deems just and equitable.

## JURY TRIAL

Barnaby requests a jury trial for all issues triable in Wichita, Kansas.

                              BRUCE, BRUCE & LEHMAN, L.L.C.


                              By *s/ Elizabeth A. Carson*
                                 ELIZABETH A. CARSON, #11356
                                 P.O. Box 75037
                                 Wichita, KS 67275-5037
                                 Telephone: (316) 264-8000
                                 Facsimile: (316) 267-4488
                                 LCarson@KsAdvocates.com
                                 Attorney for Plaintiff